**Electronically Filed
Intermediate Court of Appeals
30622
18-MAY-2011
07:47 AM**

NO. 30622

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
STEVEN R. SAUCEDA, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 09-1-0197(3))


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Leonard and Ginoza, JJ.)

Defendant-Appellant Steven R. Sauceda (**Sauceda**) appeals from the following orders of the Circuit Court of the Second Circuit (**Circuit Court**): (1) Order Imposing Consecutive Terms of Imprisonment, filed on July 2, 2010, and (2) Order Denying Defendant's Motion to Reduce Sentence, filed on September 30, 2010.[1] The first order followed a Judgment of Conviction and Sentence/Notice of Entry, filed on May 4, 2010 (**Judgment**), on one count of attempted assault in the first degree and two counts of terroristic threatening in the first degree. Sauceda was sentenced to the following indeterminate terms of imprisonment: (1) ten years of imprisonment for count one (attempted assault); and (2) five years for each of counts two and three (terroristic threatening) to run concurrent with each other and consecutive to count one for a total of fifteen years of imprisonment.

---

[1] The Honorable Joseph E. Cardoza presided.

On appeal, Sauceda contends that: (1) his trial counsel was ineffective for failing to file a timely notice of appeal from the entry of the Judgment; and (2) the Circuit Court abused its discretion when it denied his motion to reduce sentence.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Sauceda's points of error as follows:

(1) Sauceda argues that his former counsel was ineffective in failing to file a notice of appeal from the final judgment entered on May 4, 2010. Sauceda maintains that this failure impaired several potentially meritorious defenses by precluding him from raising them on appeal. He alternatively argues that if the record on appeal is insufficiently developed, we should affirm without prejudice so that Sauceda may raise his claims in a petition under Hawai'i Rules of Penal Procedure (**HRPP**) Rule 40. Upon review, we conclude that the record is insufficient to address Sauceda's ineffective assistance of counsel claims, and therefore affirm without prejudice to a subsequent HRPP Rule 40 petition. See, e.g., State v. Silva, 75 Haw. 419, 438-39, 864 P.2d 583, 592-93 (1993); Briones v. State, 74 Haw. 442, 463, 848 P.2d 966, 977 (1993).

(2) Sauceda argues that the Circuit Court abused its discretion in denying his motion to reduce the sentence, contending that the court did not take into account Sauceda's version of events or make an express credibility determination.

A sentencing judge enjoys broad discretion in imposing sentences. State v. Hussein, 122 Hawai'i 495, 503, 229 P.3d 313, 321 (2010). However, the court must consider the factors set forth in HRS § 706-606 (1993). These same factors also apply to the court's decision on an HRPP Rule 35(b) motion to reduce a sentence. State v. Kahapea, 111 Hawai'i 267, 278, 280-82, 141

P.3d 440, 451, 453-55 (2006). It is presumed that the court has considered all of the statutory factors "[a]bsent clear evidence to the contrary." Hussein, 122 Hawaiʻi at 503, 229 P.3d at 321 (citation omitted). Although the sentencing court is not required to state its reasons for imposing a sentence, it is "urged and strongly recommended" to do so. Id. at 503, 229 P.3d at 321 (citation omitted).

Sauceda's core contention is that there is no indication that the Circuit Court considered the conflicting testimony and found that Sauceda lacked credibility. However, Sauceda has not cited, and we have not found, any authority requiring the sentencing court to articulate the credibility determinations underlying its sentencing decision. See State v. Sinagoga, 81 Hawaiʻi 421, 428, 918 P.2d 228, 235 (App. 1996) (noting that sentencing judge is not required to expressly cite its findings for each factor), overruled on other grounds by State v. Veikoso, 102 Hawaiʻi 219, 74 P.3d 575 (2003).

Moreover, the Circuit Court complied with the recommendation of Hussein by thoroughly explaining its reasons for the sentence. 122 Hawaiʻi at 503-504, 229 P.3d at 321-22. It discussed each factor in HRS § 706-606 with respect to the incident as a whole and, where appropriate, each individual defendant. In weighing the nature and circumstances of the offense, the court referenced several factual grounds for its decision. Based on those considerations, the court reasonably concluded that the offense was extreme in its brutality. It found that when Sauceda and his brother arrived at the scene, a "mob mentality" developed, resulting in an unjustifiable use of force against the complaining witness that could have resulted in serious bodily injury or death. Although the court never expressly stated that it discredited Sauceda's account of what happened, such a determination is implicit in its findings. And, as Sauceda recognizes in his opening brief, the Circuit Court was

entitled to rely on the presentence investigation report rather than Sauceda's version of events. See Hussein, 122 Hawai'i at 525-26, 229 P.3d at 343-44.

Likewise, in its written order imposing consecutive sentencing, the Circuit Court expressly found that Sauceda had arrived at the scene with his brother. Sauceda was armed with a baseball bat and struck the complaining witness in the rib cage with a full swing. He participated in a further beating, displaying extreme and unjustifiable violence. The court therefore adopted the complaining witness's version of events, implicitly discrediting Sauceda's version. In making these findings, the court expressly considered the presentence investigation report and addendum; the entire record; and the exhibits, statements, and arguments presented at the sentencing hearing.

At the hearing on his motion to reduce the sentence, Sauceda largely reiterated the same version of events that his counsel had argued at the sentencing hearing. The Circuit Court again implicitly declined to find Sauceda's version credible, stating that it had "weighed very seriously" all of the statutory factors and had reached the appropriate sentence. The court expressly noted that it had considered Sauceda's statement in support of the motion. We conclude that the Circuit Court did not abuse its discretion in denying Sauceda's motion to reduce the sentence.

Based on the foregoing, we affirm the Circuit Court's May 4, 2010 Judgment, without prejudice, to a subsequent HRPP Rule 40 petition on Sauceda's ineffective assistance of counsel

claim.   We also affirm the Circuit Court's September 30, 2010 Order Denying Defendant's Motion to Reduce Sentence.

        DATED:   Honolulu, Hawai'i, May 18, 2011.

On the briefs:

Cynthia A. Kagiwada
for Defendant-Appellant

John D. Kim
Acting Prosecuting Attorney
Richard K. Minatoya
Deputy Prosecuting Attorney
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge